NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

IONA SIMPSON, PETITIONER, v. CHARLES APPLEGATE,
RESPONDENT.

**Death of Employe—Wife and Child Lived Apart From Employe and Were Not Dependent Upon Him—Petitioner's Claim That Husband is Liable For His Wife's Support Does Not Bring the Case Within the Statute Relating to Distribution Under the Compensation Act.**

On determination of facts and rule for final judgment.

For the petitioner, *William H. Smith.*

For the respondent, *Charles W. Broadhurst,* appearing for *Collins & Corbin.*

On October 30th, 1924, David Simpson, employed as a farm laborer by respondent, was killed, due to an elevator falling upon him. The accident arose out of and in the course of his employment with the respondent. He left surviving a mother, father, the petitioner, his wife, and a stepchild some twelve years of age. He had worked for a period of five or six years with respondent as a farm laborer earning $15 a week. In addition to this he was given a house with rent free on respondent's farm where he lived and supported himself during this period of time. About two years prior to decedent's death petitioner left him and went to New York, taking her child with her. She worked in New York as housekeeper, earning $12 a week, and supported herself and child. The child at times lived with her parents in Connecticut. Decedent, after his wife left him, purchased an automobile which he was paying for in installments, and at the time of his death still owed some $75 on the same. He spent weekly $1.50 to $2 for fuel and oil to operate this car, and his parents testified that on the earnings he made from the respondent

he was unable to support himself, and they frequently had to give him assistance for this purpose. According to the petitioner's own testimony, the contributions which she received from decedent in the entire year prior to his death amounted to only $72, and this testimony was seriously impeached by a signed statement made by her after his death which contradicted her on this point.

OPINION.

The only question involved for decision is whether or not the petitioner or her child were dependent upon the decedent. After a careful consideration of the testimony adduced, taking into consideration the demeanor of the witnesses as they testified, I find that the petitioner and her child were not members of the decedent's household and had not been such for about two years prior to the accident or death. Under the statute, therefore, no conclusive presumption of dependency arises on their behalf. The burden rests upon the petitioner to prove that she or her child were either wholly or partially dependent upon the decedent at the time of the accident or death in order to entitle them to an award of compensation. The rule is that a case must be determined upon its status at the time of the accident or death. I find that petitioner did not receive any money from decedent for a period of at least six months prior to the date of his accident or death. During this time, and for even a longer period, I find she was supporting herself and child. Petitioner has therefore wholly failed to sustain the burden of showing dependency either wholly or partially. Dependency in this statute means dependent for the ordinary necessities of life; one who looks to another for support or relief. *Jackson* v. *Erie Railroad,* 91 *N. J. L.* 1035. Benefit and dependency are not synonymous words. *Havey* v. *Erie Railroad,* 88 *Id.* 684. It must appear that petitioner was actually dependent upon the decedent at the time of the accident or death for the necessities

of life, involving food, raiment and shelter. *Gladstone* v. *Trenton Coal Co., 3 N. J. Mis. R.* 27.

The petitioner's attorney contended that inasmuch as a husband is legally required to support his wife, the provisions of paragraph 12 cannot operate to debar her from compensation. The first answer to this is that even at common law, a husband was not obliged to support a wife who was living in a state of separation from him without any fault on his part, as appears to be the fact in this case. 30 *C. J.* 518, *pl.* 32; *Purnell* v. *Purnell,* 70 *Atl. Rep.* 187. Secondly, any and all rights petitioner has to compensation against the respondent because of the accident or death, arise solely from the compensation statute. This right was not known or recognized by the common law. Her right under this statute, therefore, cannot be increased by any rules of the common law. Her right is limited and should not be extended beyond the plain wording of the statute which provides:

"12. In case of death, compensation shall be computed but not distributed on the following basis:

" '(*e*) For one dependent, thirty-five per cent. of wages. * * *

" '(*g*) The term "dependency" shall apply to and include any or all of the following *who are dependent* upon the decedent *at the time of accident* or death, namely, husband, wife * * * provided, however, that dependency shall be conclusively presumed as to decedent's widow and natural children under sixteen years of age, *who were actually a part of decedent's household at the time of his death.' "*

The statute, according to its plain language, only applies to *dependents,* and it is difficult to conceive why the legislature would expressly limit the conclusive presumption of dependency in favor of the widow and children to cases where they are part of decedent's household; if it is correct that by virtue of a common law rule making a husband liable to support his wife, that wife would be entitled to compensation under the statute regardless of dependency.

The above line of reasoning leads to the inevitable conclusion that this case comes under the provisions of the Work-

men's Compensation act wherein no one was actually dependent upon the decedent, and recovery cannot be had under the act.

\*   \*   \*   \*   \*   \*   \*

W. E. STUBBS,
*Deputy Commissioner.*